913 So.2d 413 (2005)
Kelvin EATON a/k/a Kelvin Lee Eaton, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KM-01030-COA.
Court of Appeals of Mississippi.
April 26, 2005.
*414 William R. Labarre, Hollendale, attorney for appellant.
Office of the Attorney General, by Charles W. Maris, attorney for appellee.
Before LEE, P.J., MYERS and BARNES, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY
¶ 1. On August 23, 2001, Kelvin Eaton was indicted for the charge of simple assault on a law enforcement officer. On May 7, 2002, Eaton was convicted by a jury in the Washington County Circuit Court of the lesser-included charge of misdemeanor simple assault. Eaton was subsequently sentenced to serve six months in the Washington County Jail, to pay court costs, attorney's fees, and a $500 fine. Eaton filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial, which the trial court overruled on June 14, 2002. From this conviction, Eaton now appeals to this Court.

FACTS
¶ 2. At approximately 1:30 a.m. on April 29, 2001, Officer Michael Parker was patrolling the area of Rico's, a nightclub in Arcola, Mississippi. Officer Parker saw Eaton strike another individual on the head. As Officer Parker approached Eaton and the other individual to stop the fight, Eaton began to walk away. Officer Parker attempted to stop Eaton by grabbing him on the arm, after which Eaton turned and struck Officer Parker with his fist. Eaton was then arrested and placed into a police car. Evidently, someone set Eaton free from the police car and Eaton again tried to run, but was apprehended a short distance away after falling to the ground.

DISCUSSION
¶ 3. Eaton's trial counsel, William R. Labarre, has filed a brief wherein he states as follows:

*415 Counsel for the Appellant hereby states as follows in accordance with Turner v. State, 818 So.2d 1186 (Miss.2001):
1. It is the opinion of counsel for the Appellant that the Appellant is unlikely to prevail on appeal. At trial, the Defendant requested and received a lesser-included offense instruction, and was found guilty of said lesser-included offense.
2. Counsel for Appellant states that he has scoured the record thoroughly and is unable to locate anything in the record that might arguably support the appeal.
3. Counsel for Appellant shall forward a copy of this Brief with advice to the Appellant that he has the right to file a pro se supplemental brief.
4. Counsel for Appellant requests that this Court allow 30 days additional time for the Appellant to file said supplemental brief, should he so desire.
As of this date, no filings from Eaton have been received. The State also agrees that Eaton's appeal lacks merit and should be affirmed.
¶ 4. Turner v. State, 818 So.2d 1186 (Miss.2001)[1] requires that appellate counsel who regards his client's appeal to be without merit must (1) determine that the defendant is "unlikely to prevail on appeal," (2) file a brief indicating "that he scoured the record thoroughly," and (3) advise his client of his right to file a pro se supplemental brief. Id. at (¶ 11). Turner also states that after these steps have been taken the appellate court "shall then make its own independent review of the record, in the manner followed in all other cases." Id. Our Supreme Court recently overruled Turner in part, creating a more comprehensive procedure to govern cases such as this. Lindsey v. State, No. 2003-KA-00331-SCT, ___ So.2d ___, 2005 WL 613396 (Miss. Mar.17, 2005). The Lindsey opinion further adds the requirement that "[s]hould the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." Lindsey, No. 2003-KA-00331-SCT at (¶ 18), ___ So.2d at ___.[2] The court in Lindsey reversed, ordering the attorney to file a supplemental brief addressing the issues in Lindsey's pro se brief.
¶ 5. Our case today is distinguishable from Lindsey in two aspects. First, the attorney's brief in Lindsey was deficient under Turner "since it did not refer to `anything in the record that might arguably support the appeal.'" Lindsey, No. 2003-KA-00331SCT at (¶ 16), ___ So.2d at ___ (citing Turner, 818 So.2d at 1189). Second, the defendant in Lindsey, after being notified of his attorney's actions in filing the Turner brief, filed a pro se brief arguing various reversible errors. In the case sub judice, Eaton's attorney, Labarre, filed a brief which met the Turner standards and Eaton himself failed to file a pro se brief in order to bring his grievances before this Court.
¶ 6. Furthermore, unlike in Smith v. State, 868 So.2d 1048 (Miss.Ct.App.2004) and Townsend v. State, 847 So.2d 825 (Miss.2003), Eaton's attorney fails to list *416 any errors which might support an appeal. See also Brown v. State, 799 So.2d 870 (Miss.2001). In each of those cases, the appellant's attorney, after stating the unlikelihood of the appellant prevailing upon appeal, pointed to possible errors for the court to consider. The Court then discussed those specific issues and reviewed the remaining record in order to discover any other issues with merit, finding none. In the case sub judice, Labarre, although following the proper procedure pursuant to Turner, does not point us towards any specific issues which might have merit. However, we have carefully reviewed the record in accordance with Turner and the new dictates in Lindsey, and do not find any error which warrants a reversal. Therefore, we affirm.
¶ 7. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF SIMPLE ASSAULT AND SENTENCE OF SIX MONTHS TO SERVE IN THE WASHINGTON COUNTY JAIL AND TO PAY A FINE OF $500, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Turner overruled Killingsworth v. State, 490 So.2d 849 (Miss.1986), finding that the Killingsworth procedure failed to erect sufficient safeguards to protect a defendant's right to appellate counsel.
[2] The court's chief concern in Lindsey was to further safeguard an indigent criminal's constitutional right to counsel throughout appellate proceedings. Lindsey, No.2003-KA-00331-SCT at (20).