KING, C.J., for the Court.
¶ 1. Terry Dukes was indicted for the crime of deliberate design murder of Lecia Jones, his former girlfriend. In a jury trial, which commenced on February 23, 2004, Dukes was found guilty. Dukes received a life sentence for his crime. Aggrieved, Dukes has appealed his conviction. Dukes has not identified for this Court any errors which he suggests requires reversal. The brief of Dukes’ counsel consists of two paragraphs, wherein he states that his review of the record revealed no reversible errors.
FACTS
¶ 2. On the evening of February 5, 2002, Lecia Jones was at home with her daughter and family friend, Jesse Barnes. Leaving his vehicle at Jones’ house, Barnes left in Jones’ truck to carry a movie to her sister. While Barnes was gone, Dukes parked his car and walked two blocks to the home of Jones. At some point after arriving at the home of Jones, Duke inflicted stab wounds, which resulted in her death.
¶ 3. Two witnesses testified that on the evening of February 5, 2002, a man fitting Dukes’ description was seen lurking around Jones’ house trying to gain entry into the home through one of two doors. Dukes testified that Jones let him in the house. He stated that upon being invited in by Jones, he questioned her about the black truck outside. Dukes further stated that when Jones did not answer his questions, he grabbed a knife and headed toward the door to puncture the truck’s tires. He indicated that Jones got in the way and was stabbed. Dukes testified that, at that point, he blacked out and did not remember what else happened. Jones was pronounced dead in Memphis, Tennessee, with two fatal stab wounds in her abdomen and one fatal stab wound in her skull.
DISCUSSION
¶ 4. Dukes court-appointed counsel filed an appellate brief pursuant to Turner v. State, 818 So.2d 1186 (Miss.2001).[1] Turner holds that counsel should: (1) determine the defendant is unlikely to prevail on appeal, (2) file a brief indicating that he/she scoured the record and could not find reversible error that would support an appeal, and (3) advise the client of the right to file a pro se supplemental brief when he/she believes that a defendant’s *938 appeal would be frivolous. Id. at (¶ 11). At this point, the appellate court should then make its qwn independent review of the record. Id. On March 17, 2005, the supreme court ordered that more steps be taken in cases of indigent defendants to rectify constitutional problems with the procedure outlined in Turner. Lindsey v. State, 2003-KA-00331-SCT, — So.2d -, 2005 WL 613396 (Miss. Mar. 17, 2005). The supreme court also added the requirement that should the defendant raise an arguable issue in his/her review of the record, or should the court find any arguable issue in its review of the record, then appellate counsel should be required to submit supplemental briefing on the issue. Id. at (¶ 18).
¶ 5. As in Eaton v. State, 913 So.2d 413 (Miss.Ct.App.2005), this case is distinguished from Lindsey in that the attorney’s brief complied with Turner, and no pro se brief was filed.[2] After carefully reviewing the record by the mandates required in Turner and Lindsey, we find no error which warrants reversal. Therefore, we affirm.
¶ 6. THE JUDGMENT OF THE COA-HOMA COUNTY CIRCUIT COURT OF CONVICTION OF MURDER AND SENTENCE TO LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COST OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. Dukes' brief contains one paragraph stating that his attorney could not find any reversible error in the record that might support an appeal.

. On February 28, 2005, this Court issued an order to Dukes to allow him forty (40) days to file a pro se brief. To this date, no pro se brief has been filed by Dukes.