933 So.2d 333 (2006)
Marreco COOPERWOOD a/k/a Marreko Cooperwood, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00235-COA.
Court of Appeals of Mississippi.
June 27, 2006.
Marreco Cooperwood, Appellant, pro se.
W.S. Stuckey, attorneys for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On July 9, 2000, at approximately 11:30 p.m., Marreco Cooperwood and some friends arrived at Maco's Sports Bar on Highway 49 in Humphreys County. At some point later a fight broke out between Cooperwood and Jeffrey Redmond just outside the bar. Redmond and Marcus Sims testified that Cooperwood pulled out a gun and shot at them. Redmond and Sims then ran from Cooperwood, who kept shooting at the two men. Redmond, who was unarmed, was shot in the back by Cooperwood. A security guard at the bar corroborated Redmond's version of the assault. However, three other witnesses, including a friend of Cooperwood, testified that they did not see Cooperwood brandish a gun.
*334 ¶ 2. On November 1, 2004, a jury in the Humphreys County Circuit Court found Cooperwood guilty of one count of aggravated assault and one count of possession of a firearm by a convicted felon. Cooperwood was sentenced to serve ten years on the aggravated assault charge and two years on the possession charge, both sentences to be served consecutively and in the custody of the Mississippi Department of Corrections. Cooperwood then filed his notice of appeal to this Court.

DISCUSSION
¶ 3. Cooperwood's attorney, W.S. Stuckey, Jr., filed a brief with this Court which stated as follows:
1. It is the opinion of counsel for the Appellant that there are no arguable issues supporting Appellant's appeal, and that he has reached this conclusion after scouring the record thoroughly, specifically examining:
(a) the reason for the arrest and the circumstances surrounding the arrest;
(b) any possible violations of Appellant's right to counsel;
(c) the entire trial transcript:
(d) all rulings of the trail [sic] court;
(e) possible prosecutorial misconduct;
(f) all jury instructions;
(g) all exhibits, whether admitted into evidence or not; and
(h) possible misapplication of the law in sentencing.
2. Counsel for Appellant shall forward a copy of this Brief to Appellant that counsel could find no arguable issues in the record, but that he has the right to file a pro se supplemental brief, if he desires.
3. Counsel for Appellant requests this Court allow 30 days additional time for Appellant to file said supplemental brief.
¶ 4. These declarations were filed in conformity with Lindsey v. State, No.2003-KA-00331-SCT, ___ So.2d ___, 2005 WL 613396 (Miss. Mar.17, 2005). Under Lindsey, should Cooperwood file a brief raising "any arguable issue" or if this Court should discover "any arguable issue" on our review of the record, if circumstances warrant, this Court must require counsel for the appellant to file supplemental briefing "regardless of the probability of the defendant's success on appeal." Id. at 5, at ___ (¶ 18).
¶ 5. To date nothing has been received by this Court from Cooperwood. Additionally, the State agrees with Stuckey's assertion that there are no arguable issues supporting an appeal.
¶ 6. This Court has reviewed the record, the clerk's papers and the exhibits and has found no arguable issues on the merits of this case. As we find no issue warranting reversal, we affirm. See Eaton v. State, 913 So.2d 413, 416(¶ 6) (Miss.Ct.App.2005).
¶ 7. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS; COUNT II, POSSESSION OF A FIREARM BY A FELON AND SENTENCE OF TWO YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.