ISHEE, J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On Monday evening, March 12, 2001, Tony Terrell Bunton and Gwendolyn Davis Scott smoked crack cocaine and engaged in sexual activity in an alleyway next to Jimmy Davis pool hall in Bolton, Mississippi. Scott’s lifeless body was found the in the alleyway the next morning. She had suffered numerous traumatic injuries, including lacerations to her jugular vein and carotid artery.
¶ 2. On July 23, 2001, Bunton was indicted by a Hinds County grand jury for Scott’s murder. During the jury trial, Bunton testified that he pushed and slapped Scott because she knocked a piece of crack cocaine out of his hand. When Scott swung back at Bunton, he picked up a beer bottle, broke it, and stabbed her in the neck. Bunton further testified that he was responsible for Scott’s death.
¶ 3. The jury found Bunton guilty of the lesser offense of manslaughter, and on January 9, 2004, the Circuit Court of Hinds County entered an order sentencing Bunton to serve twenty years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction and sentence, Bunton appeals. Finding no error, we affirm.
ANALYSIS
¶ 4. In his brief filed with this Court, Bunton’s attorney cites Lindsey v. State, No. 2003-KA-00331-SCT, 939 So.2d 743, 2005 WL 613396 (Miss. Mar. 17, 2005) and asserts that he has “diligently searched the procedural and factual history of this criminal action and scoured the record searching for any arguable issues which could can [sic] be presented to the court ... in good faith for appellate review, and upon conclusion, has found none.” Bun- *892 ton’s attorney further asserts the following:
2. The matters considered, reviewed and included in counsel’s search were: (a) the reason for Mr. Bun-ton’s arrest and the circumstances, interrogation, search and seizure surrounding the arrest; (b) any possibility of violations of Mr. Bunton’s right to counsel; (c) the entire trial transcript and the transcript of Mr. Bunton’s pretrial motion hearing; (d) all of the rulings of the trial court; (e) any possible prosecutorial misconduct; (f) all of the jury instructions offered, granted and refused (g) all exhibits, whether admitted into evidence or not, and the evidentiary foundation, relevance, and chain of custody; (h) the consideration of any misapplication of the law in sentencing (i) the indictment and all of the pleadings in the record [sic] and (j) any possible ineffective assistance of counsel issues.
3. Counsel further confirms that he has, as of the date of filing this brief, mailed by first class mail, postage prepaid, a copy of this brief and correspondence informing Mr. Bun-ton that counsel finds no arguable issues in the record and that Mr. Bunton has a right to file a pro se brief.
4. Counsel for appellant requests that the Court grant Mr. Bunton 30 days of additional time in which to file a pro se brief if he desires to do so.
5. Counsel stands ready to prepare supplemental memoranda of law on any issues requested by the court.
¶ 5. Pursuant to Lindsey, if Bunton files a pro se brief raising “any arguable issue” or if this Court discovers “any arguable issue” during our review of the record, then “if circumstances warrant, this Court must require counsel for the appellant to file supplemental briefing ‘regardless of the probability of the defendant’s success on appeal.’ ” McClain v. State, 928 So.2d 210, 211(¶ 6) (Miss.Ct.App.2006) (citing Lindsey, No. 2003-KA-00331-SCT, 939 So.2d at 748(¶ 18)).
¶ 6. As of this date, this Court has not received any supplemental filing by Bun-ton. Furthermore, after thoroughly reviewing the record, we have found no arguable issues for our review. Therefore, in lieu of any error which warrants reversal, we must affirm. Id. at (¶ 8) (citing Eaton v. State, 913 So.2d 413, 416(¶ 6) (Miss. Ct. App .2005)).
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF MANSLAUGHTER AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, AND ROBERTS, JJ., CONCUR.