LEE, P.J.,
for the Court.
¶ 1. On December 9, 2004, shortly after midnight, Debbie Dayton and her nine year old granddaughter, Danielle Ford, went to Walgreens in Hattiesburg to purchase medicine for Danielle. Upon exiting Walgreens, Dayton and Ford were accosted by a black male wearing blue jogging pants and a blue windbreaker. This man took Dayton’s purse by kicking and hitting her. The man attempted to take Ford’s purse but was unsuccessful. The man then ran away and Dayton and Ford sought help in Walgreens. Around the same time, Officer Joseph Humphrey of the Hattiesburg Police Department was heading towards the Walgreens parking lot in order to follow up on a suspicious black male wearing a dark blue jogging suit he had seen there earlier that evening. Officer Humphrey saw this same man run around the corner of Walgreens carrying a purse. Upon seeing the police car lights, the man began to run from Officer Humphrey. While chasing the man on foot, Officer Humphrey saw him carrying a purse and also saw him throw a brown object into the bushes. The man was apprehended and taken into custody. Officer Humphrey took the purse from him and found a brown wallet in the bushes with Dayton’s identification inside. This man was identified as Tyrone Jackson.
¶ 2. Jackson was indicted on one count of robbery and one count of attempted robbery. During trial, Jackson took the stand and admitted that he took Dayton’s purse but claimed he did not do so by force. Jackson further claimed that he did not attempt to take Ford’s purse. On March 28, 2005, a jury in the Forrest County Circuit Court found Jackson guilty of both counts. Jackson was then sentenced as a habitual offender to serve a life sentence without parole in the custody of the Mississippi Department of Corrections.
DISCUSSION
¶ 3. Jackson’s attorney, Jonathan Farris, an assistant public defender, filed a brief on Jackson’s behalf pursuant to Lindsey v. State, 939 So.2d 743 (Miss.2005). Farris states that there are no arguable issues which would support Jackson’s appeal. Farris further asserts that he
[RJeached this conclusion after scouring the record thoroughly and specifically examining (a) the reason and circumstances surrounding the arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial conduct; (f) all jury instructions; (g) all exhibits and (h) possible misapplication of the law in sentencing. ... The only possible issues counsel considered as possible arguable issues on appeal ... were the court’s admission of Exhibit 9 and the court’s, decision to allow the prosecutor to cross-examine the Appellant on prior bad acts. However, after reviewing the stare deci-sis of the Mississippi Supreme Court and the Court of Appeals counsel con- *453 eluded these issues to have no merit especially in light of the Appellant’s testimony.
114. Farris mailed a copy of the brief to Jackson and informed him that he had a right to file a pro se brief.
¶ 5. Under Lindsey, should Jackson file a brief raising “any arguable issue” or if this Court should discover “any arguable issue” on our review of the record, if circumstances warrant, this Court must require counsel for the appellant to file supplemental briefing “regardless of the probability of the defendant’s success on appeal.” Id. at 748(¶ 18).
¶ 6. To date nothing has been received by this Court from Jackson. Additionally, the State agrees with the dictates of Lindsey that this Court must now review the record to determine whether there is an arguable issue necessitating supplemental briefing. Id.
¶ 7. This Court has reviewed the record, the clerk’s papers and the exhibits and has found no arguable issues on the merits of this case. As we find no issue warranting reversal, we affirm. See Eaton v. State, 913 So.2d 413, 416(¶ 6) (Miss.Ct.App.2005).
¶ 8. THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND ATTEMPTED ROBBERY AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ„ CONCUR.