GRIFFIS, J.,
 

 for the Court:
 

 ¶ 1. On October 10, 2007, Billy Ray Robinson was convicted in Simpson County Circuit Court of the sale of cocaine. He was sentenced to ten years in the custody of the Mississippi Department of Corrections. Robinson filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new "trial, which the court denied. From this conviction, Robinson now appeals. We find no error and affirm.
 

 ¶ 2. On October 19, 2005, Mississippi Bureau of Narcotics agents met with a confidential informant named Stacy James. At the meeting, James agreed to participate in an undercover operation to buy illicit drugs from drug dealers in Magee, Mississippi. James’s car was outfitted with audio-video recording equipment and the agents gave James a body wire to wear and official state funds with which to purchase drugs. James left-the meeting with the agents and drove to Magee.
 

 ¶ 3. James stopped his car in front of a yard on North Raleigh Street in Magee, and Robinson approached the passenger side of James’s vehicle. James asked Robinson for drugs. Robinson got into James’s vehicle and sat on the passenger side. Robinson gave James directions. Robinson directed James to an area where Robinson could buy drugs.
 

 ¶ 4. James asked Robinson to purchase crack cocaine and gave him $20. Robinson left the car. He brought back a crack cocaine rock for James. The video surveillance recorded the exchange of the crack cocaine between James and Robinson.
 

 ¶ 5. James returned to the agents and gave them the alleged crack cocaine and the audio-video recording equipment. When tested, the substance contained 0.2 grams of cocaine. Robinson was arrested on November 1, 2006, and was charged with the unlawful sale of cocaine.
 

 ¶ 6. Robinson’s counsel filed a brief pursuant to
 
 Lindsey v. State,
 
 939 So.2d 743 (Miss.2005). Robinson has not filed a pro se supplemental brief.
 

 ¶ 7. Pursuant to
 
 Lindsey,
 
 it is the appellate counsel’s responsibility to determine that his client’s case presents no arguable issues on appeal; to file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal; and, to send his client a copy of the brief, informing his client that he found no arguable issue for appeal and advising him of his right to file a pro se supplemental brief.
 
 Id.
 
 at 748 (¶ 18). If the defendant raises any arguable issue in his pro se brief or if the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file a supplemental brief of the issue.
 
 Id.
 

 ¶ 8. Here, Robinson’s attorney indicated that he diligently searched the procedural and factual history of this action and scoured the record searching for any arguable issues that could be presented in good faith, but he found none. Robinson’s attorney asserted that he examined: (1) the reason for the arrest and the circumstances surrounding the arrest of Robinson; (2) any possible violations of Robinson’s right to counsel; (3) the entire
 
 *1285
 
 transcript and content of the record; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misapplication of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffective assistance of counsel issues; and (11) whether the verdict is supported by the overwhelming weight of the evidence.
 

 ¶ 9. Robinson’s counsel requested that this Court allow an additional forty days for Robinson to file a pro se supplemental brief, should he so desire. Robinson’s counsel stated that he sent a copy of his brief and correspondence informing Robinson that he found no arguable issues in the record and that Robinson had a right to file a pro se brief.
 

 ¶ 10. As of this date, this Court has not received any supplemental filing by Robinson. Furthermore, after thoroughly reviewing the record, we have found no arguable issues for our review. Therefore, in lieu of any error which warrants reversal, we must affirm.
 
 McClain v. State,
 
 928 So.2d 210, 211 (¶ 8) (Miss.Ct.App.2006) (citing
 
 Eaton v. State,
 
 913 So.2d 413, 416 (¶ 6) (Miss.Ct.App.2005)).
 

 1111. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ, CONCUR.