GRIFFIS, P.J.,
 

 for the Court:
 

 ¶ 1. Jimmy Douglas Graves Jr. was convicted in the Harrison County Circuit Court of felony DUI under Mississippi Code Annotated section 63 — 11—30(2)(c) (Supp.2011). Graves’s appellate counsel filed a brief with this Court stating that there were no arguable issues on appeal. Upon this statement by counsel and our independent review of the record, we find no error and affirm.
 

 ¶ 2. On May 11, 1999, Deputy Justin Branning, an officer with the DUI division of the Harrison County Sheriffs Department, observed a white van cross over the center line four or five times within a short distance. Deputy Branning instructed the driver of the van to pull over. The driver, Graves, presented his driver’s licenses, but he did not have proof of insurance.
 

 ¶ 3. Deputy Branning testified: Graves’s eyes were watery and bloodshot; Graves’s speech was slurred; the odor of an intoxicating beverage was coming from inside the van; and Graves stumbled out of the van and was unable to walk unassisted. Graves voluntarily submitted to a portable breath test, which revealed the presence of alcohol in Graves’s system. Deputy Bran-ning transported Graves to the Harrison County Jail and administered a Breathalyser test using the Intoxilyzer 8000.
 

 ¶ 4. Graves was indicted as a habitual offender for felony DUI. At trial, Graves stipulated that he had two prior DUI convictions in Louisiana. The jury found Graves guilty, and the circuit judge sentenced Graves as a habitual offender to the maximum term of five years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation.
 

 ¶ 5. Graves’s counsel on appeal filed a brief pursuant to
 
 Lindsey v. State,
 
 939 So.2d 743 (Miss.2005). According to
 
 Lind
 
 
 *943
 

 sey,
 
 it is the appellate counsel’s responsibility to determine that his client’s case presents no arguable issues on appeal; to file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal; and to send his client a copy of the brief, informing his client that he found no arguable issue for appeal and advising his client of the right to file a pro se supplemental brief.
 
 Id.
 
 at 748 (¶ 18). If the defendant raises any arguable issue in his pro se brief or the appellate court finds any arguable issues upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file a supplemental brief of the issue.
 
 Id.
 

 ¶ 6. Here, Graves’s attorney indicated that he had diligently searched the procedural and factual history of this action and scoured the record searching for any arguable issues that could be presented in good faith on appeal, but he found none. Graves’s attorney asserted that he examined: (1) the reason for the arrest and the circumstances surrounding the arrest of Graves; (2) any possible violations of Graves’s right to counsel, including ineffective assistance; (3) the entire transcript and content of the record; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) any possible misapplication of the law in sentencing; (9) the sufficiency of the indictment; and (10) the weight and sufficiency of the evidence.
 

 ¶ 7. Graves’s counsel requested that this Court allow an additional forty days for Graves to file a pro se supplemental brief, should he so desire. Graves’s counsel stated that he sent a copy of his brief along with correspondence informing Graves that he found no arguable issues in the record and that Graves had a right to file a pro se brief.
 

 ¶ 8. As of this date, this Court has not received any supplemental filing by Graves. Furthermore, after thoroughly reviewing the record, we have found no arguable issues for our review. Finding no error that warrants reversal, we must affirm.
 
 McClain v. State,
 
 928 So.2d 210, 211 (¶ 8) (Miss.Ct.App.2006) (citing
 
 Eaton v. State,
 
 913 So.2d 413, 416 (¶ 6) (Miss.Ct. App.2005)).
 

 ¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY DUI AND SENTENCE OF FIVE YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.