LEE, C.J.,
for the Court:
¶ 1. Dexter Rhodes was convicted of conspiracy to commit armed robbery and sentenced to five years, with two and one-half years to serve in the custody of the Mississippi Department of Corrections and two and one-half years suspended on the condition he completes two and one-half years of supervised probation. Rhodes filed post-trial motions in the Washington County Circuit Court, which were denied. Rhodes now appeals.
¶ 2. Rhodes is represented by the Indigent Appeals Division of the Office of the State Public Defender. Rhodes’s appellate counsel filed a brief with this Court pursuant to Lindsey v. State, 939 So.2d 743 (Miss.2005), stating no arguable issues existed for appeal. Rhodes’s appellate counsel also confirmed that she sent a copy of her brief to Rhodes, along with correspondence informing Rhodes that she found no arguable issues in the record to raise as error, and that Rhodes had a right to file a pro se brief to raise any perceived errors. Rhodes ultimately filed a pro se brief, arguing he was offered immunity for his statements implicating others in the armed robbery. Upon review, we find no error and affirm.
FACTS
¶ 3. On July 10, 2003, Eric Ford, Dwayne Sharp, and Edward Kyser stole approximately $30,000 worth of chemicals from the Helena Chemical Company’s warehouse in Leland, Mississippi. Sharp also shot and wounded a warehouse employee during the robbery. During the investigation, Rhodes was interviewed since he knew Ford, Sharp, and Kyser. Rhodes admitted that Ford approached him about stealing chemicals. Rhodes was a former truck driver for Helena Chemical in Arkansas. Rhodes told Sharp about Ford’s plan and gave him Kyser’s contact information. Rhodes admitted he offered to show the three men how to carry out the robbery in exchange for money. After the robbery and shooting, Rhodes took them to a buyer for the chemicals. This buyer, Jay Coburn, bought the chemicals for $2,400. Rhodes, Ford, Sharp, and Kyser were all eventually arrested.
DISCUSSION
¶ 4. In Lindsey, 939 So.2d at 748 (¶ 18), the Mississippi Supreme Court set forth the process to follow when appellate counsel for an indigent criminal defendant concludes no arguable issues exist on appeal. Specifically, the Lindsey court stated:
(1) Counsel must file and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(1)-(4), (7); see also [Smith v.] Robbins, 528 U.S. [259,] 280-81, 120 S.Ct. 746, 145 L.Ed.2d 756 [ (2000) ] (stating that “counsel’s summary of the case’s procedural and factual history, with citations of the record, both ensures that a trained legal eye has searched the record for arguable issues and assists the reviewing court in its own evaluation of the case.”).
(2) As a part of the brief filed in compliance with Rule 28, counsel must certify that there are no arguable issues supporting the client’s appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.
(3) Counsel must then send a copy of the appellate brief to the defendant, in *76 form the client that counsel could find no arguable issues in the record, and advise the client of his or her right to file a pro se brief.
(4) Should the defendant then raise any arguable issue or should the appellate court discover any arguable issue in its review of the record, the court must, if circumstances warrant, require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant’s success on appeal.
(5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.
Id. (internal citations and footnotes omitted).
¶ 5. Here, Rhodes’s attorney indicated she diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but she found none. Rhodes’s attorney asserted that she specifically examined: (1) the reason for Rhodes’s arrest and the surrounding circumstances; (2) any possible violation of Rhodes’s right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; and (11) any other possible reviewable issues.
¶ 6. Rhodes’s counsel requested this Court allow an additional forty days for Rhodes to file a pro se brief, should he so desire. Rhodes’s counsel also stated she sent a copy of the brief along with correspondence informing Rhodes that she found no arguable issues in the record and advising Rhodes of his right to file a pro se brief.
¶ 7. Rhodes did file a pro se brief, arguing that he was offered immunity for his statements regarding the armed robbery. However, Rhodes offers no evidence to support this assertion. Furthermore, after thoroughly reviewing the record, we have found no arguable issues for our review. Finding no error that warrants reversal, we must affirm. Graves v. State, 78 So.3d 942, 943 (¶ 8) (Miss.Ct.App.2012).
¶ 8. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF CONSPIRACY TO COMMIT ARMED ROBBERY AND SENTENCE OF FIVE YEARS, WITH TWO AND ONE-HALF YEARS TO SERVE AND TWO AND ONE-HALF YEARS SUSPENDED ON THE CONDITION THE APPELLANT COMPLETES TWO AND ONE-HALF YEARS OF SUPERVISED PROBATION, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY $500 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.